SYDELL ET AL. *v.* THE STATE OF OHIO.

*Criminal law—Charge to jury—Issues confined to indictment—*
*Embezzlement not in issue in robbery prosecution, when—*
*Conspiracy to rob as defense.*

1. The court's duty to charge the jury in a criminal prosecu-
   tion is limited to a charge on the issues raised by the
   indictment only.
2. In the prosecution of one charged with the crime of rob-
   bery it is not error for the court to omit to charge on
   the crime of embezzlement, where the charge as given
   shows a careful consideration and presentation of all the
   issues involved, although the defense claims the evidence
   discloses that the offense committed was embezzlement
   and not robbery.
3. In order to change the crime of robbery to one of embezzle-
   ment, on the ground that the victim of the alleged robbery
   conspired with the accused to commit the robbery, the
   conspiracy must have continued up to and at the time
   of the robbery, and it is not error for the court to refuse
   a request to charge to the effect that if the one robbed
   consented to the robbery by the accused the latter could
   not be convicted of the crime of robbery.

(Decided February 27, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Raymond Ratliff,* for plaintiffs in error.
*Mr. Charles S. Bell,* prosecuting attorney, for
defendant in error.

HAMILTON, J. Plaintiffs in error, John Sydell
and Charles Staggenberg, were jointly indicted
and convicted of the crime of robbery in the city
of Cincinnati.

The record discloses that Mrs. Clara Bowman
was the head bookkeeper and accountant for The

A. Nash Tailoring Company, a concern located on
Elm street in Cincinnati; that as part of her du-
ties she went in her Ford coupe twice a week to
the bank, and secured the payroll for the com-
pany's employes. On the 24th of January, 1922,
she, together with one Peter Grischy, who accom-
panied her as guard, went to the downtown banks
and secured the payroll, amounting to $8,158.
Upon the arrival of Mrs. Bowman and the guard,
in the Ford coupe, at the Nash Company, with the
payroll, a Buick car, with four men, one of whom
was the defendant Staggenberg, pulled up in front
of them. Grischy, the guard, had gotten out to
throw a blanket over the radiator. On turning
around, he was confronted by an unknown man,
who leveled a revolver at him, and ordered him
to throw up his hands, whereupon the man took
his, Grischy's, revolver from him. At the same
time, another one of the men, who had alighted
from the Buick car, appeared at the coupe,
and ordered Mrs. Bowman to give him the money
or he would kill her. There is testimony that Mrs.
Bowman cried out; but the robbers secured the
money, ran to the Buick car, jumped in and dis-
appeared. They, including Sydell, were all later
apprehended.

As above stated, Sydell and Staggenberg were
tried jointly and convicted. Both confessed the
crime.

The claim of the defense is that Mrs. Clara
Bowman was a joint conspirator in the commis-
sion of the offense, and that she being the al-
leged owner, custodian of the money, and a con-
spirator, the offense was embezzlement and not
robbery, and the defense bases that claim largely

on the relations that existed between Sydell and Mrs. Bowman.

It appears that Mrs. Bowman and Sydell met at a bathing beach in Newport, in July, 1921; that they afterward became intimate friends. The evidence is that they were together frequently from the date of their meeting to the date of the robbery.

Mrs. Bowman loaned Sydell large sums of money, amounting in the aggregate to about $1,-200, she says to go into business, Sydell says to go into the bootlegging "game." None of the money was ever paid back. Sydell, in his confession, exonerated Mrs. Bowman of all participation or knowledge of the offense. On the witness stand, he testified to the contrary. He testified that she planned the robbery to enable him, Sydell, to get the money to return to her the amount she had loaned him; that she gave him full, detailed information as to her movements, the securing and handling of the payroll, and instructions as to how to make the robbery easy and safe.

Mrs. Bowman in her testimony denied all knowledge of the crime, but admitted that she was intimately acquainted with Sydell.

The weight of this evidence and the veracity of the witnesses were questions for the jury. They found in favor of the state and returned a verdict of guilty, as charged in the indictment.

· The main contention of the plaintiffs in error is that the court did not sufficiently charge on the question of embezzlement. The charge of the court as a whole shows a careful consideration and presentation of all the issues involved. While in the main charge the court does not use the term

"embezzlement," he does charge fully as to what proof is necessary before conviction could be had.

Sydell was not present at the robbery, but planned it. It, therefore, became necessary to charge fully on conspiracy. The court charged on the necessary elements of robbery, assault and battery, assault and pocket-picking, and the necessary elements to be proved by the state to establish conspiracy, and the degree of proof required to convict.

The court's duty was to charge on the issues raised by the indictment only. (*Cincinnati Traction Co.* v. *Forrest*, 73 Ohio St., 1.) The court could have properly charged in the general charge the effect on the guilt or innocence of the accused if the jury found Mrs. Bowman a conspirator in the actual commission of the crime.

It appears that at the close of the general charge, counsel for the defendants made a request for the following charge:

"We request that the court charge the jury to the effect that if the prosecuting witness, Clara Bowman, consented to the robbery by the defendants, that the defendants could not be convicted of the crime of robbery."

The court refused to give this charge, and this is complained against. The court was correct in refusing this charge. The charge would imply that if at any time Mrs. Bowman had consented to the robbery by the defendants, at any time prior to the commission thereof, they would not be guilty of the crime of robbery, notwithstanding she may have changed her mind and set aside all plans previously entered into, if any.

The record discloses that after the case was

submitted to the jury, and while the jury delib-
erated, a request for instructions was submitted
to the court by the jury, as follows:

"If Clara Bowman conspired in this hold-up can
Sydell and Staggenberg be convicted of robbery?"

The jury were then brought into court and given
the following instruction:

"If Clara Bowman conspired with these men
or any of them for the purpose of pulling off this
robbery and if that conspiracy was with her con-
sent up to that point they cannot be convicted,
but the mere conspiracy to rob is not sufficient
to release these men if other elements are pres-
ent. The conspiracy must have been completed by
her consent at the time of the robbery."

The direct question by the jury, and the answer
of the court, were sufficient to clearly explain the
law to the jury, that if Clara Bowman conspired,
and that conspiracy continued up to and at the
time of the robbery, they could not be convicted.

Further point is made with reference to the de-
fendant Staggenberg, that the court failed to in-
struct the jury on the question of duress. It is
recalled that Staggenberg testified that he said
when on the way to the robbery: "Let me out of
this damn thing, I don't want to get into this
stuff," and that some one of his associates said:
"Oh, shut up and keep your mouth shut  *  *  *.
If you get out, I'll take a shot at you." Under
this statement, given only by Staggenberg, and
not supported by any other testimony, defendant
contends that the issue of duress was presented.
Again the court charged fully on what was neces-
sary before conviction could be had. This would
eliminate guilt, if under duress. Moreover, we do

not think this statement makes an issue of that question in the light of the facts in the case. We find no prejudicial error in the record.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.